UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————X
                                   :

REGINA HENRIQUEZ,                  :

                                   :                   **ORDER**

                      Plaintiff,     :

                                   :       08 CV 7666 (SCR)

      -against-               :

                                   :

STARWOOD HOTEL RESORTS      :
WORLDWIDE INC.; SHERATON    :
GATEWAY HOTEL,             :

                                 :

                  Defendants.  :
———————————————————X

STEPHEN C. ROBINSON, United States District Judge:

Plaintiff brings this action *pro se* alleging employment discrimination in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in

Employment Act of 1967, 29 U.S.C. §§ 621-634, the Americans with Disabilities Act of 1990, 42

U.S.C. 12112-12117, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297.[1]

Plaintiff paid the filing fee for this matter. For the reasons set forth below, however, plaintiff is

directed to submit an amended complaint within sixty (60) days of the instant order.

### DISCUSSION

Title VII makes it an unlawful employment practice for an employer "to discriminate against

any individual with respect to his compensation, terms, conditions or privileges of employment,

because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-

2(a)(1). "[M]istreatment at work . . . is actionable under Title VII only when it occurs because of

an employee's sex or other protected characteristic." Patane v. Clark, 508 F.3d 106, 112 (2d Cir.

---

[1] This Court's *Pro Se* Office received the instant complaint on September 2, 2008.

2007) (citing Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001)).

In order to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." See Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (holding that complaint alleging racial and age discrimination complied with Rule 8 where it "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved"); Boykin v. Keycorp et al., 521 F.3d 202 (2d Cir. 2008) (holding that complaint was sufficiently pleaded where it alleged that plaintiffs "are African-Americans, described defendants' actions in detail, and alleged that defendants selected plaintiffs for maltreatment 'solely because of their color.'").

A complaint that "'provides no . . . detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that [the plaintiff's protected class] played a role in the employer's decision to dismiss him' is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2)." Liburd v. Bronx Lebanon Hospital Center, No. 07 Civ. 11316 (HB), 2008 WL 3861352, *5 (S.D.N.Y. Aug. 19, 2008) (quoting Perry v. Sony Music, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006)); Watts v. Servs. for the Underserved, No. 06 Civ. 2156, 2007 WL 1651852 (E.D.N.Y. 2007) (dismissing Title VII complaint because it "fail[ed] to allege even one fact tending to show that [defendant] took her religion or color into account."). Likewise, a complaint for age discrimination is insufficient where it fails "to state any of the events or incidents that [plaintiff] believes form the basis of her age discrimination claim . . ." Wilson v. Family Dollar Stores, No. 06 Civ. 639, 2007 WL 952066 (E.D.N.Y. 2007) (dismissing ADEA claim).

As presently pleaded, the Court is unable to discern from the allegations of the complaint the

basis for plaintiff's claim that she has been discriminated against in violation of Title VII, the ADEA, or the ADA. In response to a question on the form complaint regarding the discriminatory conduct to which plaintiff was subjected, plaintiff alleges that she complains of defendants' "[f]ailure to hire me," and their "[t]ermination of [her] employment." Compl. at 2. Thus, as an initial matter, it is unclear whether plaintiff was hired by defendant(s) and thereafter terminated, or whether she was never hired by defendants. With regard to the facts of the case, plaintiff alleges that "[b]ecause I know my job well and I can do everything in the kitchen [better] than them, because of that Chef Todd Thompson discriminate[d] against me . . ." Id. at 3. Given the complete absence of any allegations giving rise to an inference that plaintiff was discriminated against because of her race, age or disability, the complaint cannot be sustained in its present form. See Pantane, 508 F.3d at 112 (upholding district court's dismissal of complaint where plaintiff failed 'to plead any facts that would create an inference that any [adverse] action taken by . . . [any] defendant was based upon her gender.").

In light of plaintiff's *pro se* status, plaintiff is granted leave to submit an amended complaint and is directed to include any allegations giving rise to an inference that she was discriminated against because of her membership in a protected class, and to allege whether she exhausted such claim(s) with the Equal Employment Opportunity Commission. See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) (holding that district court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

## Conclusion

Plaintiff is hereby directed to file an amended complaint clarifying her allegations that she

3

was discriminated against in her employment in accordance with the standards set forth above. Should plaintiff decide to file an amended complaint, it must be submitted to this Court's *Pro Se* Office within sixty (60) days of the date of this order, be captioned as an "Amended Complaint" and bear the same docket number as this order.[2]  Plaintiff is advised that his amended complaint will completely replace his original complaint.  A copy of this order must be attached to the amended complaint.  No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days or until plaintiff has complied with this order.  If plaintiff fails to comply with this order within the time allowed, the complaint will be dismissed.  Nothing herein shall preclude the defendants from making any such motion to dismiss the complaint as they may be advised to do. The Court certifies  pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

STEPHEN C. ROBINSON
United States District Judge

Dated: September 29, 2008
New York, New York

---

[2]An amended complaint form is attached to this order for plaintiff's convenience.