UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

REGINA HENRIQUEZ,

                PLAINTIFF,         7:08-cv-07666-SCR-LMS

     -AGAINST-

STARWOOD HOTELS RESORTS
WORLDWIDE, INC.,

                DEFENDANT.

------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
*Starwood Hotels & Resorts Worldwide, Inc.*

NY1 26555717.1

## TABLE OF CONTENTS

**Page**

P RELIMINARY STATEMENT ................................................................................................1

    I.       PLAINTIFF'S AMENDED COMPLAINT IS BARRED BY RES JUDICATA. ...1

    II.      IN THE ALTERNATIVE, PLAINTIFF'S ADEA AND ADA CLAIMS SHOULD BE DISMISSED BECAUSE THEY EXCEED THE SCOPE OF THE ADMINISTRATIVE PROCEEDINGS..................................................................1

CONCLUSION................................................................................................................................2

i

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Alonzo v. Chase Manhattan Bank N.A.*,
    25 F. Supp.2d 455 (S.D.N.Y. 2005).................................................................................2

*Monahan v. New York City Dept. of Corrections*,
    214 F.3d 275 (2d Cir. 2000).............................................................................................1

*Peterson v. Ins. Co. of N.A.*,
    884 F. Supp. 107 (S.D.N.Y. 1995) ..................................................................................2

## PRELIMINARY STATEMENT

Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") respectfully submits this reply memorandum of law in further support of its motion to dismiss pro se plaintiff Regina Henriquez's ("Plaintiff's") Amended Complaint. In its Moving Memorandum, Defendant submitted that the Complaint should be dismissed because: (i) it contains the same allegations as her earlier lawsuit in Georgia which Starwood won, and Plaintiff is prohibited from re-litigating her claims because they have already been litigated (or could have been litigated) and dismissed by another federal court, and (ii) in the alternative, Plaintiff's age and disability claims exceed the scope of the administrative proceedings.

Based on her opposition to Starwood's motion to dismiss, Plaintiff does not dispute any of these facts. Therefore, the Amended Complaint should be dismissed in its entirety.

### I.   PLAINTIFF'S AMENDED COMPLAINT IS BARRED BY RES JUDICATA.

Under the doctrine of *res judicata*, a plaintiff may not re-litigate an issue that could have been raised in a prior litigation. Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 284-85 (2d Cir. 2000). Plaintiff does not dispute that she filed a lawsuit against Starwood on January 16, 2006 in the Northern District of Georgia based on the same claims she raises in the instant suit that resulted in an adjudication on the merits. Accordingly, Plaintiff is precluded from relitigating the same claims and her case should be dismissed.

### II.   IN THE ALTERNATIVE, PLAINTIFF'S ADEA AND ADA CLAIMS SHOULD BE DISMISSED BECAUSE THEY EXCEED THE SCOPE OF THE ADMINISTRATIVE PROCEEDINGS.

Plaintiff does not dispute that her SDHR charge alleges race/national origin discrimination and retaliation, and the instant Complaint adds claims based on age discrimination and disability discrimination. (Compl. ¶ 1.) "Generally, claims based on 'a wholly different

type of discrimination' than initially asserted in the EEOC charge will not be permitted to be brought into federal court." Alonzo v. Chase Manhattan Bank N.A., 25 F. Supp.2d 455, 458 (S.D.N.Y. 2005) quoting Peterson v. Ins. Co. of N.A., 884 F. Supp. 107, 109-10 (S.D.N.Y. 1995). Since the additional claims of age discrimination and disability discrimination that Plaintiff raised in the Amended Complaint are not reasonably related to race or national origin discrimination/retaliation, they should be dismissed.

## CONCLUSION

For all the foregoing reasons, the Court should: (1) grant Starwood's motion to dismiss the Amended Complaint in its entirety, with prejudice; (2) in the alternative, dismiss the claims under the ADEA and the ADA in their entirety, with prejudice; and (3) grant such other relief as the Court may deem just and proper, including the costs and fees of making this motion.

Respectfully submitted,

SEYFARTH SHAW LLP

By: s/ David M. Monachino
    David M. Monachino (DMM 1527)

620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
Attorneys for Defendant Starwood Hotels & Resorts Worldwide, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby affirms that she caused a true and correct copy of the within and foregoing Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss the Amended Complaint to be served upon the following <u>Pro Se</u> Plaintiff by United States first-class mail, postage prepaid, this 20th day of March, 2009:

> Regina Henriquez
> 22 Brooklyn Avenue
> Roosevelt, New York 11575
> *Pro Se Plaintiff*

s/ David M. Monachino
David M. Monachino (DMM 1527)
