UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Regina Henriquez,

                              Plaintiff,                              08 Civ. 7666 (SCR)(LMS)

                    - against -

Starwood Hotels Resorts Worldwide, Inc.,                              REPORT &
                                                                      RECOMMENDATION

                              Defendant.

TO:  THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.

       Plaintiff Regina Henriquez, proceeding *pro se*, brings this action against Defendant

Starwood Hotels Resorts Worldwide, Inc., asserting claims under Title VII, the Age

Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the

New York State Human Rights Law, and the New York City Human Rights Law, for

discrimination and retaliation based on race, color, national origin, age, and disability.  See

Amended Complaint, Docket # 8.[1]  Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to

dismiss the action in its entirety.  Docket # 12.  For the reasons that follow, I conclude, and

respectfully recommend that Your Honor should conclude, that Defendant's motion to dismiss

should be granted in part and denied in part.

## BACKGROUND

       Plaintiff was hired as a full-time cook at Sheraton Gateway Hotel in Atlanta, Georgia on

April 20, 1999.  Am. Compl. (Docket # 8); Monachino Decl. (Docket # 12), Ex. B ("Georgia

Action R&R") at 3-4.  On or about October 11, 2005, she was terminated from her employment.

---

[1]After filing her original Complaint, Docket # 1, Your Honor issued an Order directing
Henriquez to file an amended complaint within sixty days of the date thereof.  Docket # 3.

Monachino Decl., Ex. A at 3; Georgia Action R&R at 7-8.  On January 17, 2006, Plaintiff

commenced an action against Defendant in the Northern District of Georgia, Henriquez v.

Starwood Hotels & Resorts, 1:06-CV-0108-JTC, asserting claims under Title VII for

discrimination and retaliation based on race and national origin.  More specifically, Plaintiff

claimed that Defendant failed to promote her, paid her less than her co-workers, prevented her

from serving jury duty, prevented her from voting in an election, denied her vacation, humiliated

her at work, and retaliated against her by terminating her employment.  See Monachino Decl.,

Ex. A (amended complaint filed in Georgia action); Georgia Action R&R at 1-2.  On September

22, 2006, Defendant filed a motion for summary judgment, seeking dismissal of the action, and

on April 30, 2007, the Magistrate Judge issued a Report and Recommendation, recommending

that the motion for summary judgment be granted.  See Georgia Action R&R.  On June 4, 2007,

the District Judge adopted the Report and Recommendation, and Plaintiff's case was dismissed.

On September 4, 2007, Plaintiff filed a Verified Complaint with the New York State

Division of Human Rights ("SDHR"), alleging that Defendant was "giving negative references to

prospective employers because of my race, color, national origin, and in retaliation for my

discrimination lawsuit against them," as the result of which she was unable to find a job, in

violation of both the New York State Human Rights Law and Title VII.  Monachino Affirmation

(Docket # 22), Ex. I.  On February 22, 2008, the SDHR issued a Determination and Order After

Investigation, concluding that there was "NO PROBABLE CAUSE to believe that the

[Defendant] has engaged in or is engaging in the unlawful discriminatory practice complained

of."  Monachino Affirmation, Ex. J.  On June 2, 2008, the U.S. Equal Opportunity Employment

Commission ("EEOC") issued its Dismissal and Notice of Rights, adopting the findings of the

SDHR.  See Am. Compl. (Docket # 8).  On September 2, 2008, Plaintiff commenced this action.

Defendant moves to dismiss, claiming that the instant action is nearly identical to the action filed in Georgia and is thus barred by res judicata.  See Docket # 13 ("Memorandum of Law in Support of Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss") at 4-5.  In the alternative, Defendant argues that Plaintiff's claims under the ADEA and ADA should be dismissed since they exceed the scope of the claims raised in Plaintiff's administrative proceedings before the SDHR.  Id. at 5-7.

## DISCUSSION

### Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.

When considering a defendant's Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2004) (citations omitted), and must draw all inferences from those allegations in the plaintiff's favor.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  However, a court is not required to accept as true legal conclusions, and "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.

Previously, a Rule 12(b)(6) motion to dismiss  would not be granted unless "it appeared beyond doubt that the plaintiff [could] prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  However,

3

the Supreme Court has explained that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007), since a literal reading of it would enable a conclusory statement of claim to survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Instead, to survive a motion to dismiss, a complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal quotation marks and citation omitted). A claim is facially plausible when the complaint contains enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id. Put another way, a plaintiff must set forth enough facts to "nudge [his or her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Pro se complaints, however, still must be liberally construed, Erickson, 551 U.S. at 94, and must be held to "less stringent standards than formal pleadings drafted by lawyers." Id. (citation omitted). Moreover, pro se complaints must be interpreted "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quotation omitted). However, a pro se complaint must still state a facially plausible claim to survive a motion to dismiss. See, e.g., Boykin v. KeyCorp., 521 F.3d 202, 213-14 (2d Cir. 2008); Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

**Applicability of Res Judicata to the Instant Action**

As explained by the Second Circuit,

> The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.

4

> Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction of series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.  To prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.

Monahan v. New York City Dep't of Corrs., 214 F.3d 275, 284-85 (2d Cir. 2000) (internal quotation marks, citations, and footnote omitted).  In this case, there is no question that the previous action in the Northern District of Georgia involved an adjudication on the merits and that the parties to the previous action were the same as the parties herein.  Furthermore, insofar as Plaintiff's claims in this action relate to events that occurred during her period of employment at the Sheraton Gateway Hotel, the claims were, or could have been, raised in the prior action.[2]

However, liberally construing Plaintiff's *pro se* pleadings, as the Court must, the instant action also includes a new claim, namely, that by providing negative references to prospective employers in New York, Defendant both discriminated against Plaintiff based on her race, color, and national origin and retaliated against her for bringing a discrimination lawsuit.  Plaintiff raised this claim in her SDHR Complaint, invoking both the New York State Human Rights Law and Title VII, and the SDHR determined it lacked merit.  But a state administrative decision unreviewed by a state court is not entitled to preclusive effect in an action brought under Title VII in federal court.  Univ. of Tennessee v. Elliott, 478 U.S. 788, 795-96 (1986).  Consequently,

---

[2]Thus, insofar as Plaintiff's Amended Complaint in this action seeks to assert new claims for discrimination under the ADEA and the ADA (although there are no allegations anywhere in the pleadings giving rise to an inference that Defendant discriminated against Plaintiff based on her age or disability), these claims are barred by res judicata since they "could have been raised" in the Georgia lawsuit.

this claim, insofar as it is brought under Title VII, may not be dismissed on the ground of either

res judicata or collateral estoppel.  In contrast, insofar as Plaintiff asserts this new claim under

the New York State Human Rights Law (and now, in this federal action, under the New York

City Human Rights Law as well), there is a question as to whether the Court has subject matter

jurisdiction over such a state or local law claim.  See, e.g., Alston v. Microsoft Corp., No. 08

Civ. 3547, 2009 WL 1116360, at *4 (S.D.N.Y. Apr. 27, 2009)[3] (under election of remedies

provisions of New York State and New York City Human Rights Laws, when plaintiff files

complaint with SDHR, no New York State or New York City Human Rights Law claims arising

from same facts can be brought in federal court, **unless** one of two exceptions applies).

However, based on the current record, the question of subject matter jurisdiction cannot be

decided at this time.[4]

## **CONCLUSION**

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor

should conclude, that Defendant's motion to dismiss (Docket # 12) should be granted in part and

denied in part.  All of the claims asserted in Plaintiff's Amended Complaint should be dismissed

with prejudice, **except** for her Title VII, New York State Human Rights Law, and New York City

---

[3]A copy of this unpublished opinion is attached hereto.

[4]The district court in the Alston case noted two exceptions to the election of remedies doctrine:  (1) a complaint filed with the SDHR dismissed for administrative convenience, and (2) a complaint filed with the SDHR by the EEOC in accordance with the Title VII requirement that all complaints filed directly with the EEOC be referred to the local agency.  2009 WL 1116360, at *4.  In this case, only the second of these two exceptions might apply; however, the record is unclear on this point.  Compare Compl. (Docket # 1) at 3 (EEOC charge filed on 3/13/07) with Monachino Affirmation (Docket # 22), Ex. I at 2 ("I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Opportunity Employment Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).").

Human Rights Law claims for discrimination and retaliation based on negative employment references.[5]

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: August 14, 2009
White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

---

[5] I hereby recommend that the parties address the question of subject matter jurisdiction, i.e., the applicability of the election of remedies doctrine, as to Plaintiff's New York State and New York City Human Rights Law claims in any objections that they might file in response to this Report and Recommendation.

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Regina Henriquez
22 Brooklyn Avenue
Roosevelt, New York 11575

David M. Monachino, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018

8