UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA HENRIQUEZ,

                Plaintiff,

v.

STARWOOD HOTELS RESORTS WORLDWIDE, INC.,

                Defendant.

08 Civ. 7666 (RO)

**ORDER**

OWEN, District Judge:

*Pro se* Plaintiff brings this action against Defendant Starwood Hotels Resorts Worldwide, Inc., asserting claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law. Plaintiff alleges that she was discriminated and retaliated against on the basis of race, color, national origin, age, and disability.

**BACKGROUND**

The factual and procedural background of this action is provided in the Report and will not be repeated here in full. Plaintiff was terminated from her position as a full-time cook at Sheraton Gateway Hotel in Atlanta, Georgia, in October, 2005, and thereafter filed an action against Defendant in the Northern District of Georgia. Plaintiff claimed that Defendant discriminated against her in violation of Title VII. This action was dismissed in June, 2007.

1

Plaintiff thereafter filed a Verified Complaint with the New York State Division of Human Rights ("SDHR"), in which she claimed that Defendant provided prospective employers of Plaintiff with negative references because of Plaintiff's race, color, and national origin and in retaliation for Plaintiff's previous claim against Defendant, in violation of the New York State Human Rights Law and Title VII.

The SDHR issued a Determination and Order After Investigation on February 22, 2008, in which it concluded there was no probable cause to believe Defendant had engaged in the discriminatory action of which Plaintiff complained. The U.S. Equal Opportunity Commission ("EEOC") adopted the findings of the SDHR and issued its Dismissal and Notice of Rights, on June 2, 2008. Plaintiff commenced this action on September 22, 2008.

Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming that this action is barred by res judicata because it is nearly identical to an action previously filed in the Northern District of Georgia. On August 14, 2009, Magistrate Judge Lisa Margaret Smith issued a Report and Recommendation (the "Report") in which she recommended that Defendant's motion to dismiss be granted in part and denied in part. Specifically, the Report found that the instant action involved an adjudication on the merits and involved the same parties as the previous action in the Northern District of Georgia, and that two of the three prongs of the doctrine of res judicata therefore applied. *See Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284-85 (2d Cir. 2000). The Report found, however, that construing *pro se* Plaintiff's allegations in the most favorable light, the action included a claim that had not been presented in the previous action, specifically that Defendant had provided negative reference to prospective employers thereby discriminating and retaliating against Plaintiff based on race, color, and national origin.

2

The Report noted that "a state administrative decision unreviewed by a state court is not entitled to preclusive effect in an action brought under Title VII in federal court" and that therefore the action may not be precluded under res judicata or collateral estoppel grounds. (Report at 5, citing *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 795-96 (1986)). The Report stated, however, that New York State and New York City Human Rights Laws provided for an election of remedies, whereby a plaintiff who files a claim with the SDHR may not then file a claim involving the same facts in federal court, absent one of two exceptions. The Report found that based on the current record, the question of subject matter jurisdiction could not be decided, and recommended that the parties address the question of the applicability of the election of remedies doctrine in any objections filed to the Report. On August 28, 2009, Plaintiff filed objections to the Report, and on September 3, 2009, Defendant filed objections.

This Court concurs with Magistrate Judge Smith's finding that Plaintiff's claims from the previous action are barred by the doctrine of res judicata from being brought again. For the reasons that follow, this Court finds that it lacks subject matter jurisdiction over Plaintiff's claims brought under the New York State Human Rights Law and New York City Human Rights Law.

**DISCUSSION**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need

3

only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making a *de novo* determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted).

4

Election of Remedies

The election of remedies doctrine provides that a plaintiff who pursues an administrative remedy for violations of New York State Human Rights Law and New York City Human Rights Law may not then pursue a subsequent civil action based on the same grievance in federal court. Section 297(9) of the New York Human Rights Law provides that:

> any "person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and other such remedies as may be appropriate . . . unless such person had filed a complaint hereunder or with any local commission on human rights.

N.Y. Exec. Law § 297(9).

Under this provision, federal courts lack subject matter jurisdiction over claims brought by Plaintiffs who have already filed their claim before the SDHR. *See Skalafuris v. City Univ. of N.Y.*, 09 Civ. 5693, 2010 WL 1050299 (S.D.N.Y. Mar. 22, 2010). Because the administrative claims brought by Plaintiff involve the same grievance as the instant action, this Court lacks subject matter jurisdiction over the claims unless either of two exceptions to the election of remedies doctrine applies. *See Alston v. Microsoft Corp.*, No. 08 Civ. 3547, 2009 WL 1116360 (S.D.N.Y. Apr. 27, 2009)

First, where a complaint filed with the administrative agency is dismissed for administrative convenience rather than on the merits, a plaintiff is not barred from filing a lawsuit in federal court. *See Skalafuris v. City Univ. of N.Y.*, 09 Civ. 5693, 2010 WL 1050299, at *2 (S.D.N.Y. Mar. 22, 2010), citing *York v. Association of the Bar of the City of N.Y.*, No. 00 Civ. 5961, 2001 WL 776944, at *5 (S.D.N.Y. July 11, 2001)(citing N.Y. Exec. Law § 297(9);

*see also Wiley v. Citibank, N.A.*, 98 Civ. 1139, 2000 WL 122148, at *3 (S.D.N.Y. Feb.1, 2001) ("Because plaintiff elected to pursue her Executive Law and Administrative Code claims before the [SDHR] and the subsequent dismissal of her action was not a dismissal for administrative convenience, this court is without jurisdiction to hear such claims.") The first exception is inapplicable in this case, because the complaint was not dismissed for administrative convenience, but on the merits. The SDHR issued a Determination and Order After Investigation on February 22, 2008, in which it concluded that there was "NO PROBABLE CAUSE to believe that the [Defendant] has engaged in or is engaging in the unlawful discriminatory practice complained of." Monachino Decl., Ex. J; Report at 2.

The second exception to the election of remedies doctrine applies when a claim is filed directly with the EEOC rather than with the SDHR, and is only thereafter filed with the SDHR by the EEOC in accordance with Title VII requirements that all complaints filed with the EEOC be referred to the local agency. *See Alston v. Microsoft Corp.*, No. 08 Civ. 3547, 2009 WL 1116360, at *4 (S.D.N.Y. Apr. 27, 2009). The record demonstrates that this exception is similarly inapplicable to this action. Plaintiff first filed her complaint with the SDHR on September 4, 2007. Wetty Aff. ¶¶ 3-4. The complaint was "dual-filed" with the EEOC on the same date, and assigned a charge number. Wetty Aff. ¶ 3. Once the SDHR had reviewed the case and issued its decision of no probable cause on February 22, 2008, the SDHR sent the Verified Complaint to the EEOC, which began investigating the claims therein. Def. Objections at 3. Accordingly, because Plaintiff first filed her complaint with the SDHR directly, rather than the EEOC filing the complaint with the SDHR, the second exception to the election of remedies doctrine does not apply.

6

The election of remedies doctrine, and the choice by Plaintiff to proceed with a complaint through administrative rather than judicial channels, is to be strictly enforced because the rights asserted by Plaintiff are self-limiting, statutorily and code-created. *See Wiley v. Citibank, N.A.*, 98 Civ. 1139, 2000 WL 122148, at *3 (S.D.N.Y. Feb.1, 2001); *see also York v. Association of the Bar of the City of N.Y.*, No. 00 Civ. 5961, 2001 WL 776944 (S.D.N.Y. July 11, 2001). Under this doctrine, this Court does not have subject matter jurisdiction to hear Plaintiff's remaining claims in this action. The proper avenue for relief for Plaintiff, having brought her claim before the SDHR, is to appeal to the Supreme Court of the State of New York. N.Y. Exec. Law § 298

## CONCLUSION

As stated in Magistrate Judge Smith's Report and Recommendation, Plaintiff's claims related to her period of employment at the Sheraton Gateway Hotel were, or could have been, brought in Plaintiff's prior action in the Northern District of Georgia, and cannot be brought in this action. This Court agrees with that finding and adopts it as the Order of this Court.

For the reasons above, this Court finds that it lacks subject matter jurisdiction to hear Plaintiff's new claims brought under New York State and New York City Human Rights Law, related to the allegation that Defendants provided negative regarding Plaintiff to prospective employers in New York. Accordingly, Defendant's motion is hereby dismissed.

SO ORDERED.

September 24, 2011

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE